

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Ray A. Mateo*                      *970 Broad Street, Suite 700    Direct Dial: (973) 645-2746*
*Assistant United States Attorney*  *Newark, New Jersey 07102*

RAM/JE/PL.AGR
USAO 2017R000221

May 15, 2024

Sarita Kedia, Esq.
5 East 22nd St. Ste 7B
New York, NY 10010

Re:  <u>Plea Agreement with Thomas Farese</u>

Dear Ms. Kedia:

This letter sets forth the plea agreement between your client, Thomas Farese ("FARESE"), the United States Attorney for the District of New Jersey and Department of Justice, Criminal Division, Fraud Section (the "Offices"). The government's offer to enter into this plea agreement will expire on May 16, 2024, if it is not accepted in writing by that date. If FARESE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the Offices' investigation.

<u>Charge</u>

Conditioned on the understandings specified below, the Offices will accept a guilty plea from FARESE to a one-count Superseding Information charging him with engaging in monetary transactions from criminally derived proceeds, in violation of 18 U.S.C. §§ 1957 and 2. If FARESE enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Offices (1) will not initiate any further criminal charges against FARESE relating to his violations of the Federal Anti-Kickback Statute, health care fraud, wire fraud, and money laundering offenses from in or around February 2015 through in or around June 2019. In addition, if FARESE fully complies with this agreement, at sentencing, the Offices will move to dismiss the Counts of the Indictment, Criminal No. 21-877 (MEF), against FARESE.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the Offices may reinstate any dismissed charges and initiate any other charges against FARESE even if the applicable statute of limitations period for those charges expires after FARESE signs this agreement, and FARESE agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1957 to which FARESE agrees to plead guilty carries a statutory maximum penalty of 10 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon FARESE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Offices cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence FARESE ultimately will receive.

Further, in addition to imposing any other penalty on FARESE, the sentencing judge as part of the sentence:

1. will order FARESE to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

2. may order FARESE to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

3. must order criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1) and (4);

4. may order FARESE, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and

5. pursuant to 18 U.S.C. § 3583, may require FARESE to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should FARESE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, FARESE may be sentenced to not more than two years' imprisonment, in addition to

any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Restitution</u>

Pursuant to the Order of Restitution, 18 U.S.C. § 3663, FARESE agrees to pay full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed by FARESE's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. § 3663. The parties further agree that the aggregate loss amount is $22,608,253.63 solely for the purposes of restitution. FARESE also understands that restitution imposed pursuant to 18 U.S.C. § 3663(a)(3) will be included in the Court's Judgment, and that the amount FARESE is ordered to pay will not serve as grounds to withdraw his guilty plea.

<u>Forfeiture</u>

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(1), FARESE agrees to forfeit to the United States all property, real or personal, involved in the money laundering offense charged in the Superseding Information, and all property traceable to such property. FARESE further agrees that the aggregate value of such property was $495,000.00; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the property involved in the money laundering offense charged in the Superseding Information, in an amount not to exceed $495,000.00 (the "Money Judgment"). FARESE consents to the entry of an order requiring him to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to FARESE prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating FARESE's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. FARESE further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any

petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

FARESE waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. FARESE understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. FARESE waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of FARESE's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

FARESE further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by the Offices. If FARESE fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if the Offices determines that FARESE has intentionally failed to disclose assets on his Financial Disclosure Statement, FARESE agrees that that failure constitutes a material breach of this agreement, and the Offices reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of the Offices Regarding Sentencing

Except as otherwise provided in this agreement, the Offices may take any position with respect to the appropriate sentence to be imposed on FARESE by the sentencing judge. The Offices may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And the Offices may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of FARESE's activities and relevant conduct with respect to this case.

Stipulations

The Offices and FARESE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and

may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the Offices is based on the information and evidence that the Offices possess as of the date of this agreement. Thus, if the Offices obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the Offices. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, the Offices and FARESE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

FARESE understands that, if FARESE is not a citizen of the United States, FARESE's guilty plea to the charged offense will likely result in FARESE being subject to immigration proceedings and removed from the United States by making FARESE deportable, excludable, or inadmissible, or ending FARESE's naturalization. FARESE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. FARESE wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause FARESE's removal from the United States. FARESE understands that FARESE is bound by this guilty plea regardless of any immigration consequences. Accordingly, FARESE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. FARESE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the Offices and cannot bind other federal, state, or local authorities. If requested to do so, however, the Offices will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against FARESE. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude FARESE from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

[NEXT PAGE]

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between FARESE and the Offices and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
Attorney for the United States Acting
Under the Authority Conferred By 28
U.S.C. § 515

By:  s/ Ray Mateo
    RAY MATEO
    JESSICA ECKER
    Assistant U.S. Attorneys

By:  s/ Darren Halverson
    DARREN C. HALVERSON
    Trial Attorney

APPROVED:

ARI B. FONTECCHIO
Chief, Opioid Abuse Prevention
  & Enforcement Unit

s/ Rebecca Yuan
REBECCA YUAN
Assistant Chief, Criminal Division,
Fraud Section

I have received this letter from my attorney, Sarita Kedia, Esq.  I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_/S/ **Thomas R. Farese**_
_____                Date:  **May 16, 2024**
Thomas Farese

I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*Sarita Kedia*
_____                Date:   05/16/2024
Sarita Kedia, Esq.
Counsel for Defendant

## Plea Agreement with Thomas Farese ("FARESE")

## Schedule A

1.　The Offices and FARESE recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.　The version of the United States Sentencing Guidelines effective November 1, 2023 applies in this case.

## Money Laundering

3.　The Base Offense Level is 8, pursuant to U.S.S.G. § 2S1.1(a)(2), plus the number of offense levels from the table set forth in U.S.S.G. § 2B1.1.

4.　Within the meaning of U.S.S.G. § 2B1.1, notwithstanding the loss amount listed in the Restitution section of the Plea Agreement, the total loss was more than $250,000, but not more than $550,000, and this amount shall be considered relevant conduct. Thus, the total base offense level is 12. *See* U.S.S.G. § 2B1.1(b)(1)(G).

5.　Specific Offense Characteristic U.S.S.G. § 2S1.1(b)(2)(A) applies because FARESE was convicted of an offense under 18 U.S.C. § 1957. This Specific Offense Characteristic results in an increase of 1 level.

6.　No other Specific Offense Characteristics apply. Accordingly, the total offense level is 21.

## Acceptance of Responsibility and Plea

7.　As of the date of this letter, FARESE has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if FARESE's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8.　As of the date of this letter, FARESE has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Offices to avoid preparing for trial and permitting the Offices and the court to allocate their resources efficiently. At sentencing, the Offices will move for a further 1-point reduction in FARESE's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) FARESE enters a plea pursuant to this agreement, (b) the Offices, in its discretion, determines that FARESE's acceptance of responsibility has continued through the date of sentencing and FARESE therefore qualifies for a 2-

point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) FARESE's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

## Other Adjustments

9.      If, at the time of sentencing, the court determines that FARESE both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 16; otherwise, FARESE's total Guidelines offense level will be 18 (the "Total Offense Level").

10.     Each party agrees not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level that applies after the sentencing judge resolves the open Guidelines issue[s] noted above and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11.     If the term of imprisonment does not exceed 33 months, and except as specified in the next paragraph below, FARESE will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 21 months, the Offices will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)     Any proceeding to revoke the term of supervised release.

    (b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and

compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).